IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **RASHID WEST** | * |
| v. | * Civil Action No. JKS 05-2516 |
| **KOHL'S DEPARTMENT STORES, INC.** | * |

## MEMORANDUM

This case involves an incident that occurred on February 23, 2004, at the Kohl's Department Store, in which Plaintiff, Rashid West contends that he tripped over a carpeted mat which was buckled. Presently pending and ready for resolution is Defendant Kohl's Dep't. Stores' motion to bifurcate the issues of liability and damages. (Dkt. No. 13).

Quoting Plaintiff's Answers to Interrogatories, Defendant describes Plaintiff's damages claims as consisting of an "L1 compression fracture and left elbow and right knee contusion" as well as "multiple compressed vertebral bodies from T12 to L1 . . . which collapsed above the accidental injury fracture at L1." Plaintiff contends that as a result of these injuries, he was placed on extensive medications, which led to a flare-up of pre-existing non-active lupus, including anemia, renal failure, internal bleeding and blood loss, pneumonia, and paralysis. Plaintiff contends that he has severe permanent injury, chronic fatigue syndrome, less than 50% of his pre-accident energy level, numbness in both the left and right leg, and a 25% permanent/partial disability rating to his entire body from an orthopedic standpoint. He has identified 23 separate health care providers and is claiming past lost wages of $35,176.52, extensive future lost wages, past medical specials of $260,291.17, and extensive future medical treatment.

Defendant asserts that discovery will be time consuming and expensive, and that trying the liability issue before conducting discovery and trial on damages would save substantial time and cost to the parties and the court and could encourage a settlement. Defendant estimates that a trial on liability alone would last one or one and one half days, while a trial which included damages would consume four to five days.

In opposition, Plaintiff argues that bifurcation will prejudice him and will not convenience the court. Plaintiff notes that he expects to call only two medical witnesses, and Defendant also has two medical witnesses, but agrees that a full trial of all issues may take four to five days instead of one to one and half days.[1] He argues that Defendant's estimate of the promotion of judicial economy is exaggerated given the possible need for two trials, and that bifurcation would require him to call a number of witnesses at both the liability and damages phases. Plaintiff also argues that he is entitled to have one jury hear his entire case lest it be seen as a "petty, 'trip and fall' case out of the context of the overwhelming impact the case had on the Plaintiff's quality of life." Pl. Opp. Mot. at 2.

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, the court has authority to order bifurcation:

> (b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

---

[1] In his recently filed status report, Dkt. No. 15, Plaintiff estimates the trial length at six days.

The decision to grant or deny a motion for separate trials on the issue of liability and damages is committed to the discretion of the court. *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953). Normally, bifurcation as to liability and damages is appropriate when the evidence pertinent to the two issues is wholly unrelated. *See* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2390 (2d ed. 1994). Conversely, bifurcation is often denied where the evidence is "overlapping or the liability and damages issues are so intertwined." *Id.* at 505 (citing several cases). The Advisory Committee of the Federal Rules of Civil Procedure asserts that bifurcation should "be encouraged where experience has demonstrated its worth," but that "separation of issues for trial is not to be routinely ordered." Advisory Committee's Note to the 1966 Amendment of Rule 42(b), 39 F.R.D. 113; *see also Lis v. Robert Packer Hospital*, 579 F.2d 819, 824 (3d Cir. 1978) (pursuant to Advisory Committee Note, "we disapprove of a general practice of bifurcating all negligence cases").

Defendant argues that a separate trial of liability will likely eliminate the need for a trial on damages because should the jury resolve the liability issues in Plaintiff's favor, the case may settle, and should the jury find in Defendant's favor, there would be no need to proceed on damages. However, given the extensive damages claims, a settlement without discovery on damages appears unlikely. The fact that a determination of no liability would eliminate the need for discovery and trial on damages is true in any case, and while damages discovery here will be more extensive because the damage claims are extensive, the resulting judicial economy would not be more extensive.

Indeed, bifurcation of this case could inhibit, rather than promote, efficient judicial administration of this case. It is likely that separate trials would necessitate some duplicitous

3

evidence presentation, and they most certainly would necessitate the selection of two juries and duplication of all aspects of a trial which do not involve evidence presentation. *See E. Linder Steel Erection Co., Inc. v. Wedemeyer*, 585 F. Supp. 1530, 1534 (D. Md. 1984) (denying bifurcation). Moreover, the discovery savings to the parties, while potentially significant, similarly do not warrant bifurcation where only one party favors it. While it is certainly true that discovery and trial on damages would be rendered unnecessary if Defendant obtained a verdict on liability, this potential savings is true in all cases.

Accordingly, Defendant's Motion to Bifurcate will, by separate order filed with this Memorandum, be denied.

Date:_____         _____/S/_____
                                              JILLYN K. SCHULZE
                                              United States Magistrate Judge